PER CURIAM:
 

 Trustee in bankruptcy appealed from the District Court’s decision which reversed the Bankruptcy Court and held that: (1) The sale and lease back transaction entered into between the Bankrupt and Medical Leasing Corporation was in fact a secured loan; (2) As a secured loan, the transaction was exempt from California’s fraudulent conveyance statute, Calif.Civil Code § 3440; and (3) The Trustee was, therefore, not entitled to recover the proceeds of the sale of the transferred property. There were no disputed factual issues at trial. Application of California law controls the outcome of this case, under 11 U.S.C. § 110(e)(1) (1976).
 

 A sale of personal property with a concurrent lease back is exempt from § 3440 if certain notices are given. A transfer of a security interest is also exempt, without a filing requirement. The parties failed to give the notices that would have exempted the sale and lease back transaction as such from § 3440, but this is irrelevant to a finding that the real nature of the transfer was a security arrangement.
 

 The true nature of a transaction is determined by the evidence and not by
 
 *421
 
 what the parties represent themselves to be doing.
 
 Rochester Capital Leasing v. K & L Litho Corp.,
 
 13 Cal.App.3d 697, 91 Cal.Rptr. 827 (1970). Here, the property sold and leased back by the Bankrupt never left his possession. No other purpose for the transaction is evident other than for him to borrow money from the buyer-lessor using his property as collateral. The absence of a purchase option in a lease does not preclude a finding that the lease was actually a disguised secured loan.
 
 Rochester Leasing.
 

 The District Court was correct in its conclusion of law that the disputed transaction was a secured loan.
 

 AFFIRMED.